UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAUNDRA K. PARNELL,

Plaintiff,

v.

WALMART INC., et al.

Defendants.

Case No. C25-1007-SKV

ORDER RE: PENDING MOTIONS

## INTRODUCTION

There are two pending motions before the Court. Defendant Walmart Inc. (Walmart) filed a Motion for Leave to Amend Answer and Assert Crossclaims Against Assembled Products Corporation (APC), Dkt. 34, and Plaintiff Saundra Parnell filed a Motion to Remand for Lack of Diversity Citizenship Jurisdiction, Dkt. 36. Defendant APC filed an opposition to Walmart's motion, Dkt. 37, and a joinder in Plaintiff's motion, Dkt. 38. Neither Plaintiff, nor Walmart responded to the respective motions.

The Court, having considered the pending motions, any responses, and all documents filed in support and opposition, herein GRANTS Plaintiff's unopposed Motion to Remand, Dkt.

36, DENIES as moot Walmart's Motion for Leave to Amend Answer and Assert Crossclaims, Dkt. 34, and REMANDS this matter to King County Superior Court.

BACKGROUND

On April 4, 2025, Plaintiff filed a complaint in King County Superior Court raising a claim of negligence against Walmart. *See* Dkt. 1-2. She alleged she was injured when she was struck by a motorized scooter/shopping cart in a Bellevue, Washington Walmart store. *See id*. On May 27, 2025, Walmart removed the action to this Court, citing 28 U.S.C. § 1332(a)(1) as the basis for removal and pointing to the complete diversity of citizenship of the parties and an amount in controversy exceeding $75,000. Dkt. 1. As set forth in the Notice of Removal, the Complaint asserted Plaintiff is a resident of King County, Washington and therefore a "'citizen of'" Washington State, while Walmart is incorporated in Delaware and has a principal place of business in Arkansas, and is therefore a "'citizen of' either Delaware or Arkansas[.]" *Id*. at 4.

Following removal, Plaintiff sought to file an amended pleading adding as defendants both APC, the manufacturer of the motorized shopping cart, and Marjorie Fitzgerald, the individual alleged to have driven the cart. *See* Dkt. 11-1. On September 30, 2025, the Court granted a stipulated motion to amend filed by Plaintiff and Walmart, Dkts. 11-12, and docketed the amended pleading naming as Defendants Walmart, APC, and Fitzgerald, and raising state law claims of negligence and strict liability, Dkt. 13. The Amended Complaint identifies Fitzgerald as a resident of Washington State and APC as a foreign corporation doing business in Washington. Dkt. 13, ¶¶ 3-4. All parties, including pro se Defendant Fitzgerald, had consented to proceed before the undersigned Magistrate Judge as of July 2026. *See* Dkts. 22, 31.

/ / /

/ / /

DISCUSSION

Walmart now moves to amend its Answer and assert crossclaims against APC, Dkt. 34, while Plaintiff moves to remand due to an absence of complete diversity between the parties, Dkt. 36. Finding it dispositive, the Court begins and ends its consideration with Plaintiff's unopposed motion to remand.

Federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332(a)(1). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that each plaintiff be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). "Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1331. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff asserts that complete diversity is lacking given that both Plaintiff and Fitzgerald are citizens of the State of Washington. *See* Dkt. 36. And there is no federal question presented. *See* Dkt. 13. The Court further notes that Walmart failed to file a brief in opposition to Plaintiff's motion, which the Court construes as an admission that the motion has merit. *See* LCR 7(b)(2).[1] The Court, accordingly, finds an absence of subject matter jurisdiction in this

[1] The Amended Complaint alleges Fitzgerald is a resident of King County, Washington, Dkt. 13, ¶ 4, while the motion to remand asserts that Fitzgerald and Plaintiff are both "citizens" of Washington, Dkt. 36 at 2-3. An individual's citizenship is based on domicile, not residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."). Nonetheless, the Court accepts as unchallenged Plaintiff's implied assumption that Fitzgerald is a citizen of Washington because she resides here.

Court and this matter properly remanded to King County Superior Court. The Court also, having found as such, finds no need to address Walmart's motion seeking leave to amend its answer and assert crossclaims, and defers consideration of such a motion to King County Superior Court.

## CONCLUSION

For the reasons discussed above, the Court GRANTS Plaintiff's unopposed Motion to Remand, Dkt. 36, and DENIES as moot Walmart's Motion for Leave to Amend Answer and Assert Crossclaims, Dkt. 34. The Clerk is DIRECTED to REMAND this matter to King County Superior Court for all further proceedings.

Dated this 9th day of October, 2026.

S. KATE VAUGHAN
United States Magistrate Judge